**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111383

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robert Covino, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>Professional Claims Bureau, Inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION--COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Robert Covino, on behalf of himself and all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Professional Claims Bureau, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff Robert Covino is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      On information and belief, Defendant Professional Claims Bureau, Inc., is a New York Corporation with a principal place of business in Nassau County, New York.

8.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10.     Defendant alleges Plaintiff owes a debt ("the debt").

11.     The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12.     Sometime after the incurrence of the debt Plaintiff fell behind on payments owed.

13.     Thereafter, at an exact time known only to Defendant, the debt was assigned or otherwise transferred to Defendant for collection.

14.     In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated June 18, 2016. (**Exhibit 1.**")

15.     The letter was the initial communication Plaintiff received from Defendant.

16.     The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

17.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19.     One such requirement is that the debt collector provide "the name of the creditor

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

20.    A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

21.    A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

22.    Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

23.    Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

24.    When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

25.    The letter fails to identify any entity by the label "account owner," "creditor," "current creditor," "original creditor," or "creditor to whom the debt is owed."

26.    The letter states, "Re: ST CHARLES PROF SVCS – SLEEP STUDY."

27.    The letter fails to indicate whether the "Re:" refers to the account owner.

28.    The letter fails to indicate whether the "Re:" refers to Plaintiff's creditor.

29.    The letter fails to indicate whether the "Re:" refers to Plaintiff's current creditor.

30.    The letter fails to indicate whether the "Re:" refers to Plaintiff's original creditor.

31.    The letter fails to indicate whether the "Re:" refers to the creditor to whom the debt is owed.

32.    Defendant's letter states, "the above referenced account has been referred to our offices for collection."

33.    The letter fails to indicate who "referred" the account to Defendant.

34.    The letter fails to indicate who Defendant represents.

35.    The letter fails to indicate who is Defendant's client.

36.    The letter fails to indicate the name of any entity to which Plaintiff should make his check payable to.

37.    The letter indicates that if a payment is made by credit card, the credit card

statement will reflect a charge from Defendant only.

38.   Because of the aforementioned failures, the least sophisticated consumer would likely be confused as to the actual owner of her debt.

39.   Because of the aforementioned failures, the least sophisticated consumer would likely be uncertain as to the actual owner of her debt.

40.   Because of the aforementioned failures, Plaintiff was confused as to the actual owner of his debt.

41.   Because of the aforementioned failures, Plaintiff was uncertain as to the actual owner of his debt.

42.   Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

43.   Defendant failed to clearly state the name of the creditor to whom the debt is owed.

44.   Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of the**
**Creditor to Whom the Debt is Owed**

45.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47.   While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

48.   The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

49.   A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

50.   A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

51.     For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

52.     Because the letter, as previously set forth, can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the owner of the debt, one of which is inaccurate, it is deceptive within the meaning of 15 U.S.C. § 1692e.

53.     Because the letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

54.     The owner of the debt is a material piece of information to a consumer.

55.     The least sophisticated consumer would likely be deceived concerning the owner of the debt.

56.     Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

57.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter that had the same insufficient information concerning the owner of the debt as the letter herein, from one year before the date of this Complaint to the present.

58.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

59.     Defendant regularly engages in debt collection, using the same unlawful conduct described herein, in its attempts to collect delinquent consumer debts from other persons.

60.     The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using the same unlawful conduct described herein.

61.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

62.     The prosecution of separate actions by individual members of the Class would

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

63.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

64.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

  a.   Certify this action as a class action; and

  b.   Appoint Plaintiff as Class Representative of the Class, and her attorneys as Class Counsel; and

  c.   Find that Defendant's actions violate the FDCPA; and

  d.   Grant statutory damages against Defendant pursuant to 15 U.S.C. § 1692k; and

  e.   Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

  f.   Grant Plaintiff's costs; together with

  g.   Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: October 17, 2016

**BARSHAY SANDERS, PLLC**

By:  _/s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 111383